IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LAVERNE RIPPY**,

**Plaintiff,**

v.                                                                                   No. 14-0022-DRH

**TARGET BRANDS, INC.,**

**Defendant.**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### Introduction

Pending before the Court is plaintiff's motion to remand (Doc. 16). Plaintiff moves for remand arguing that the Court lacks jurisdiction because the amount in controversy has not been met. Based on the allegations in the complaint, the notice of removal and the applicable case law, the Court denies the motion.

On December 19, 2013, Laverne Rippy filed a purported class action against Target Brands, Inc. in the Clinton County, Illinois Circuit Court (Doc. 2-2). The case is a class action against Target on behalf of all citizens of Illinois who shopped at Target Stores "during the time of a now known data breach." Plaintiff alleges that Target did not notify Plaintiffs in compliance with the Illinois Personal Information Protection Act, 8 ILCS 530/10, including but not limited to advising customers of their rights to obtain consumer protection help from the Federal Trade Commission. She also alleges that she and the class members' credit and debit card information was "compromised, viewed and or/stolen as the proximate

result of Defendant failing to exercise reasonable care in safeguarding such information by adopting, implementing, or maintaining appropriate security measures" to protect that information. Further, she claims that she and the class members have suffered actual damages including but not limited to having their credit card information compromised, incurring numerous hours cancelling their compromised cards, activating replacement cards and re-establishing automatic withdrawal payment authorizations from their old cards to their new cards and other economic and non-economic harm. The complaint states claims for violation of the Illinois Consumer Fraud and Deceptive Practices Act, by virtue of violation of the Illinois Personal Information Protection Act and negligence. Plaintiff seeks individual monetary claims not in excess of $75,000 and compensatory damages, attorney's fees and costs. Plaintiff also seeks an injunction requiring Target to comply with the Illinois Personal Information Protection Act, 815 ILCS 503/1 et seq.

On January 9, 2014, defendant removed the case to this Court based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d) (Doc. 2). In support of removal, Target states: "[b]ased on its investigation, Target has determined that approximately 2,077,761 distinct credit or debit cards were used by guests at Target retail stores located in Illinois between November 27, and December 15, 2013." (Doc. 2, p. 5). As to the amount in controversy, defendant maintains overdraft fees can cost $35-$36 per item and as 2,077,761 distinct credit or debit cards were used in Target retails stores from November 27, to

December 15, 2013, just one overdraft fee per Illinois Target guest would place the amount in controversy above the $5 million jurisdictional threshold without taking into account plaintiff's other claims for damages.

On January 14, 2014, plaintiff moved to remand arguing that the Court lacks subject matter jurisdiction because the amount in controversy has not been met.[1] (Doc. 21). Plaintiff maintains that she asks only for in excess of $50,000.00 and that defendant presents no evidence of what percentage of the numbers were (1) cards owned by the same person or (2) cards owned by citizens of Illinois as opposed to other citizens to support the amount in controversy.

On January 30, 2014, the Court granted a motion to stay and stayed this matter pending MDL considerations (Doc. 13). On February 21, 2014, the Court entered an Order based on case management clarifying that response time to the motion to remand was not February 18, 2014 as this matter is stayed (Doc. 21).

## Analysis

In general, an action filed in state court may be removed to federal court only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). Courts are to interpret the removal statute narrowly. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Any doubts that persist regarding the propriety of removal are to be resolved in favor of the plaintiff's choice of forum in the state courts. *Id.* A party can file a motion to remand an action back to state court based on lack of subject matter jurisdiction. *See Chase v. Shop 'N SaveWarehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

---

1 Plaintiff does not dispute that the diversity of citizenship is present.

Pursuant to 28 U.S.C. § 1447(c), after a case has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

CAFA enacts special rules governing removal of class actions. Under CAFA, a defendant may remove a class action to federal district court so long as the case satisfies the statute's special diversity and procedural requirements. Under CAFA, district courts have original jurisdiction over any class action where the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs) and where there is minimal or incomplete diversity of citizenship among the parties. 28 U.S.C. § 1332(d)(2).[2]

Here, the Court finds that both the complaint and the notice of removal provide the Court with sufficient basis to determine that it is plausible that the amount in controversy is met. *Brill v. Countrywide Home Loan, Inc.*, 427 F.3d 446 (7th Cir. 2005) lays out the protocol for removals under the CFA. The removing party, as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million. This is a pleading requirement, not a demand for proof. Discovery and trial come later. A removing defendant need not "confess liability in order to show that the controversy exceeds the threshold." 427 F.3d at 449. "[T]he removing party's burden is to show not only what the stakes of the

---

[2]The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2).

litigation *could be,* but also what they *are* given the plaintiff's actual demands.... The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." <u>Ibid.</u> (emphasis in original).

Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, cf. *Bell Atlantic Corp. v. Twombly,* 550U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much. See *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Normand v. Orkin Exterminating Co.,* 193 F.3d 908 (7th Cir.1999); *Gardynski– Leschuck v. Ford Motor Co.,* 142 F.3d 955 (7th Cir.1998). Uncertainty differs from impossibility, the standard that *St. Paul Mercury Indemnity* adopted for determining whether a litigant's estimate of the stakes may be rejected.

It is clear to the Court, based on the pleadings in this case, that if plaintiff were to prevail in this matter the damages could exceed $5 million. As stated in the notice of removal if only using 142,858 cards (out of the 2,077,761 cards) with a $35 overdraft fee that would place the amount in controversy at $5,000,030 above $5 million. Clearly, it is plausible that the amount in controversy exceeds $5 million. The Court finds that it has subject matter jurisdiction over this matter.

### Conclusion

Accordingly, the Court DENIES the motion to remand (Doc. 16) and **DENIES** as moot plaintiff's motion to reconsider and vacate (Doc. 22).

**IT IS SO ORDERED.**

Signed this 14th day of February, 2014.

Digitally signed by
David R. Herndon
Date: 2014.02.14
16:26:02 -06'00'

**Chief Judge
United States District Court**